

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUDGE MORRISON

MAGISTRATE JUDGE JOLSON

Case No. _____ (To be assigned upon filing)

JEREMY MICHAEL JONES,
Living Man, In Propria Persona,
Counter-Plaintiff and Claimant,

2:25 CV 0 8 0 2

v.

LVNV FUNDING LLC, a foreign limited liability company acting as a third-party debt buyer, and Gina M. Nennig for STENGER & STENGER, P.C., a debt collection law firm,
Counter-Defendant(s).

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

(Federal Question Jurisdiction under 28 U.S.C. § 1331)

I. JURISDICTION AND VENUE

 1. This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and involves substantial constitutional questions.

 2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because all events giving rise to the claims occurred in Fairfield County, Ohio, which lies within the jurisdiction of the Southern District of Ohio, Eastern Division.

II. PARTIES

 3. Counter-Plaintiff and Claimant Jeremy Jones is a living man domiciled in Pickerington, Ohio, and the holder of rights under the U.S. Constitution and Common Law. He is not a corporate fiction or legal entity.

 4. Counter-Defendant(s) LVNV Funding, LLC is a foreign corporation purporting to be the assignee of an alleged debt.

 5. Gina M. Nennig for Counter-Defendant Stenger & Stenger, P.C. is a Michigan law firm engaged in debt collection across state lines and claims to act on behalf of LVNV.

III. FACTS

 6. On or about June 23, 2025, Counter-Defendant(s) filed a complaint in the Fairfield County Municipal Court alleging an unpaid debt in the amount of $705.41.

 7. The complaint was unsupported by any sworn affidavit from a living injured party, in violation of due process and federal law.

8. Counter-Defendant(s) identify themselves as debt collectors, and thereby fall within the scope and obligations of the FDCPA.

9. Counter-Defendant(s) provided no evidence of being licensed as debt collectors in the State of Ohio, as required under Ohio Rev. Code § 1319.12.

10. Counter-Defendant(s) attempted to use court process to collect a debt without verification, opportunity for dispute, or clear chain of assignment, violating both state and federal consumer protections.

11. Counter-Plaintiff and Claimant has suffered stress, coercion, and unlawful threat of judgment under color of law.

IV. CLAIMS FOR RELIEF

Count I – Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)
Defendants used misleading legal citations, failed to validate the alleged debt, and attempted to intimidate through improper court process.

Count II – Deprivation of Due Process Under Color of Law (5th and 14th Amendments)
No living witness or properly verified claim was presented in the state action, thereby denying Counter-Plaintiff and Claimant proper notice and opportunity to contest the claim lawfully.

Count III – Unauthorized Debt Collection Under State Law
Counter-Defendant(s) failed to provide proof of state-required licensing under Ohio's debt collection statutes.

V. PRAYER FOR RELIEF

Counter-Plaintiff and Claimant respectfully demands the following:

a. Declaratory judgment that Counter-Defendant(s)' actions violated federal law;
b. Injunctive relief to bar further proceedings in state court;
c. Compensatory and statutory damages under 15 U.S.C. § 1692k;
d. An order dismissing any claim filed against Counter-Plaintiff and Claimant in municipal court as void ab initio;
e. All other just and equitable relief this Court deems proper.

Respectfully submitted,

By: _____

Jeremy Jones
In Propria Persona, Sui Juris
All Rights Reserved, Without Prejudice – UCC 1-308
c/o 111 Bristo Street
Pickerington, Ohio [43147]
July 18, 2025