**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LVNV Funding LLC,

          Plaintiff,

                                  **Civil Action 2:25-cv-802**

v.                              **Chief District Judge Sarah D. Morrison**
                                      **Magistrate Judge Kimberly A. Jolson**

Jeremy Jones,

          Defendant.

**ORDER AND REPORT AND RECOMMENDATION**

Defendant Jeremy Jones, an Ohio resident who proceeds *pro se*, removed this case from the Fairfield County Municipal Court. The matter is before the Undersigned for consideration of Defendant's request to proceed *in forma pauperis* (Doc. 1). That request is **GRANTED**. But, after *sua sponte* review of the filing, the Undersigned concludes that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Accordingly, the Undersigned **RECOMMENDS REMANDING** the case back to state court and **DISMISSING** the federal action.

I.      **BACKGROUND**

About a month ago, Plaintiff LVNV Funding LLC brought an action against Defendant in the Fairfield County Municipal Court. (Doc. 1-1). According to the Complaint, Defendant defaulted on a repayment obligation and failed to pay Plaintiff an account balance of $705.41. (*Id.* at 2). Plaintiff alleges it is entitled to recover that amount, and Defendant has been unjustly enriched. (*Id.* at 2–3). Plaintiff seeks a judgment against Defendant for the $705.41, along with statutory interest. (*Id.* at 3).

Defendant then removed the case to federal court. (Doc. 1-2). According to the Notice of Removal, Defendant grounds the removal in federal question subject matter jurisdiction. (*Id.*

(citing 28 U.S.C. § 1331)). Specifically, Defendant says this case "arises under federal law, including the Fair Debt Collection Practices Act . . . and the Constitution of the United States[.]" (*Id.*).

When Defendant filed the Notice of Removal, he also filed what the Undersigned construes as a counterclaim. (Doc. 1-3 (titled "Verified Complaint for Declaratory and Injunctive Relief and Damages")). The counterclaim names as "Counter-Defendants" LVNV Funding LLC and "Gina M. Nennig for . . . Stenger & Stenger, P.C." (*Id.*). It seems that Stenger & Stenger, P.C. provides legal representation for LVNV Funding LLC, but it is not a named party in the Complaint. (Doc. 1-1 at 3 (Complaint signed by Ms. Nennig for Steger & Steger, P.C.)).

## II.    STANDARD

"Because Defendant proceeds [*in forma pauperis*], the Notice of Removal is subject to review to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted." *Roberston, Anschutz, Schneid, Crane & Partners, PLLC v. Greenberg*, No. 3:24-cv-00591, 2024 WL 3488069, at *1 (M.D. Tenn. July 19, 2024) (citing 28 U.S.C. § 1915(e)(2)(B) and collecting cases). Further, the Court must consider *sua sponte* whether it has subject-matter jurisdiction to hear a case. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) ("'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction." (citation omitted)). If a court finds that that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

## III.   DISCUSSION

Under 28 U.S.C. §1441 "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . .  to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a).  In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The burden to show a removal is proper—that the federal court has original jurisdiction over the case—rests with the defendant.  *See, e.g., Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996).  Here, Defendant fails to meet his burden.

As an initial matter, Plaintiff's Complaint does not provide this Court with subject matter jurisdiction.  "Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Archer v. Arms Tech., Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  By the plain language of the Complaint, Plaintiff alleges solely state law claims.  (Doc. 1-1 at 2 (alleging one count of "nonpayment of account" and one count of "unjust enrichment")).  Accordingly, the action could not have been filed in federal court originally.

Still, Defendant invokes 28 U.S.C. § 1331 as a jurisdictional hook.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  He states that this case arises under the Fair Debt Collection Practices Act and the Constitution of the United States, seemingly referring to his counterclaim.  (Doc. 1-2; *see also* Doc. 1-3 (alleging "Counter-Defendants" LVNV Funding LLC and Stenger & Stenger, P.C. violated the Fair Debt Collection Practices Act and infringed on Defendant's Fifth and Fourteenth Amendment rights)).

Defendant's assertion is problematic because "[a] corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question." *Archer*, 72 F. Supp. 2d at 787 (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)); *see also Clarkston v. Hubbard*, 91 F.3d 143 (Table) (6th Cir. 1996). ("[T]he claim or right arising under federal law that provides the basis for federal jurisdiction is the *plaintiff's* claim or right. As a general rule, the federal question must be found in the plaintiff's 'well-pleaded' complaint, and not in the defendant's notice of removal."). A federal "counterclaim does not change the character of [the state court plaintiff's] complaint any more than does the defendant's other pleadings." *Border City Sav. & Loan Ass'n v. Kennecorp Mortg. & Equities, Inc.*, 523 F. Supp. 190, 192 (S.D. Ohio 1981); *cf. Rubin Lublin, PLLC v. Greenberg*, No. 3:24-CV-00752, 2024 WL 3544580 (M.D. Tenn. July 25, 2024) ("'[T]he 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint,' not as defined by the defendant's 'filing of counterclaims that included . . . allegations against a third party.'" (citing *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 139 (2019))). In short, "it is well settled that federal counterclaims . . . are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (citation omitted); *see also Barclays Bank Delaware v. Schmaltz*, No. 2:23-CV-4145, 2024 WL 1671422, at *2 (S.D. Ohio Apr. 18, 2024) ("Even if [the defendant] was permitted to file a third-party 'federal question' complaint against [the plaintiff's attorney] in the state court proceeding, he would likely not be entitled to removal since he would be seeking to remove the case in his capacity as a plaintiff, not as a defendant, which § 1441(a) does not permit.")

Because Defendant's only alleged basis for federal jurisdiction are counterclaims arising under federal law, the Court lacks subject-matter jurisdiction and cannot hear this case. *See*

*Anthony Marano Co. v. Sherman*, 925 F. Supp. 2d 864, 865 (E.D. Mich. 2013) ("[A] district court may remand *sua sponte* for lack of subject matter jurisdiction . . . ."); *Warren Cnty. Child. Servs. v. Hablutzel*, No. 1:25-CV-126, 2025 WL 1032002 (S.D. Ohio Mar. 11, 2025) (remanding for lack of subject matter jurisdiction on *sua sponte* review of a removal petition), *report and recommendation adopted*, No. 1:25-CV-126, 2025 WL 889124 (S.D. Ohio Mar. 24, 2025).

Accordingly, the Undersigned **RECOMMENDS REMANDING** these proceedings back to state court and **DISMISSING** the federal action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's request to proceed *in forma pauperis* is **GRANTED**. The Undersigned **RECOMMENDS REMANDING** the proceedings back to state court and **DISMISSING** the federal action.

The Undersigned **FURTHER RECOMMENDS** that the Court certify under 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Defendant leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: July 23, 2025        /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is

made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).